# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN - AMENDED
## AND RELATED MOTIONS

Name of Debtor(s):  **Ronald Earl Bess**
**Lynda McDowell Bess**                                    Case No:  **11-73328-FJS**

This plan, dated ___**November  8, 2011**___, is:

☐ the *first* Chapter 13 plan filed in this case.

☒ a modified Plan, which replaces the
☐ confirmed or ☒ unconfirmed Plan dated **July 27, 2011**.

Date and Time of <u>Modified Plan</u> Confirming Hearing:
**Tuesday, December 20, 2011 at 10:30 am**
Place of <u>Modified Plan</u> Confirmation Hearing:
**Judge Santoro's Courtroom, 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia**

The Plan provisions modified by this filing are:
**Paragraph 1**
**Paragraph 4(A)**

Creditors affected by this modification are:
**All Creditors**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing. Objection due date: 7 days prior to confirmation hearing.. Confirmation hearing is set for Tuesday, December 20, 2011 at 10:30 am in Judge Santoro's Courtroom, 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$300,418.00**
Total Non-Priority Unsecured Debt: **$112,928.00**
Total Priority Debt: **$17,250.00**
Total Secured Debt: **$270,013.00**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                        Best Case Bankruptcy

1.	**Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$725.00 Monthly for 6 months, then $920.00 Monthly for 28 months, then $1,466.00 Monthly for 26 months**. Other payments to the Trustee are as follows: ___NONE___. The total amount to be paid into the plan is $ __68,226.00__.

2.	**Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A.	**Administrative Claims under 11 U.S.C. § 1326.**

      1.	The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
      2.	Debtor(s)' attorney will be paid $ __1,625.00__ balance due of the total fee of $ __3,000.00__ concurrently with or prior to the payments to remaining creditors.

   B.	**Claims under 11 U.S.C. §507.**
   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **City of Virginia Beach** | **Taxes and certain other debts** | **1,200.00** | **Prorata** **19 months** |
| **Department of Taxation** | **Taxes and certain other debts** | **1,050.00** | **Prorata** **19 months** |
| **Internal Revenue Service** | **Taxes and certain other debts** | **15,000.00** | **Prorata** **19 months** |

3.	**Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

   A.	**Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

   This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
   The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Grand Furniture** | **Miscellaneous household goods, furnishings and other items located at debtor's residence.** **Value listed is based on debtor's estimate of replacement value of the property.** | **2010** | **613.00** | **2,189.00** |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                    Best Case Bankruptcy

**B.      Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **NAE Federal Credit Union** | **2005 Ford Expedition**<br>**Condition: Fair** | **27,000.00** | **13,000.00** |

**C.      Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection<br>Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.      Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or<br>"Crammed Down" Value | Interest<br>Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Capital Auto Sales Inc** | **2000 Dodge Grand Caravan**<br>**Condition: Fair**<br>**Mileage: 128,000** | **2,000.00** | **5.25%** | **37.97**<br>**60 months** |
| **Grand Furniture** | **Miscellaneous household goods, furnishings and other items located at debtor's residence. Value listed is based on debtor's estimate of replacement value of the property.** | **613.00** | **5.25%** | **11.64**<br>**60 months** |

**E.      Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.      Unsecured Claims.**

**A.      Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately    **21**    %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately    **0**    %.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                                Best Case Bankruptcy

**B.**      **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.**      **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   **A.**      **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.**  The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Litton Loan Service L.P.** | **Principal place of residence located at:** <br> **1441 Chesterbrook Drive** <br> **Virginia Beach, VA 23456** <br><br> **Market value listed is the city assessed value.  Online CMA indicated a price below this amount.** | **1,901.00** | **15,000.00** | **0%** | **22 months** | **Prorata** |
| **Santander Consumer USA** | **2007 Nissan Armada Condition: Fair** | **546.00** | **0.00** | **0%** | **0 months** | |

   **B.**      **Trustee to make contract payments and cure arrears, if any.**  The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

   **C.**      **Restructured Mortgage Loans to be paid fully during term of Plan.**  Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

**6.**      **Unexpired Leases and Executory Contracts.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   **A.**      **Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                           Best Case Bankruptcy

**B.**    **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

**7.**    **Liens Which Debtor(s) Seek to Avoid.**

**A.**    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

**B.**    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.**    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.**    **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.**    **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.**    **Other provisions of this plan:**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

**Signatures:**


Dated:    **November  8, 2011**


**/s/ Ronald Earl Bess**                                              **/s/ John G. Merna**
**Ronald Earl Bess**                                                  **John G. Merna 33812**
**Debtor**                                                            **Debtor's Attorney**


**/s/ Lynda McDowell Bess**
**Lynda McDowell Bess**
**Joint Debtor**


Exhibits:          **Copy of Debtor(s)' Budget (Schedules I and J);**
                   **Matrix of Parties Served with Plan**


Certificate of Service

I certify that on    **November  8, 2011**    , I mailed a copy of the foregoing to the creditors and parties in interest on the
attached Service List.


                        **/s/ John G. Merna**
                        **John G. Merna 33812**
                        Signature

                        **3419 Virginia Beach Blvd., #236**
                        **Virginia Beach, VA 23452**
                        Address

                        **(757)340-4895**
                        Telephone No.


Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re    **Ronald Earl Bess**
     **Lynda McDowell Bess**         Case No.   **11-73328-FJS**

              Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Repair Tech** | **Purchasing Agent** |
| Name of Employer | **Cox Communications** | **Department of Veterans Affairs** |
| How long employed | **8 years** | **2 years** |
| Address of Employer | **1341 Crossways Blvd**<br>**Chesapeake, VA 23320** | **Hampton, VA** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | | $ **3,470.00** | $ **4,166.00** |
| 2. Estimate monthly overtime | | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | | $ **3,470.00** | $ **4,166.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | |
|    a. Payroll taxes and social security | | $ **558.00** | $ **754.00** |
|    b. Insurance | | $ **325.00** | $ **244.00** |
|    c. Union dues | | $ **0.00** | $ **0.00** |
|    d. Other (Specify)    See Detailed Income Attachment | | $ **542.00** | $ **52.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | $ **1,425.00** | $ **1,050.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | | $ **2,045.00** | $ **3,116.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | | $ **0.00** | $ **0.00** |
| 8. Income from real property | | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance | | | |
| (Specify): | | $ **0.00** | $ **0.00** |
| | | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | | $ **1,288.00** | $ **1,252.00** |
| 13. Other monthly income | | | |
| (Specify): | | $ **0.00** | $ **0.00** |
| | | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | $ **1,288.00** | $ **1,252.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | | $ **3,333.00** | $ **4,368.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ **7,701.00** | |

                         (Report also on Summary of Schedules and, if applicable, on
                         Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**B6I (Official Form 6I) (12/07)**

In re  **Ronald Earl Bess**
      **Lynda McDowell Bess**                                    Case No.  **11-73328-FJS**

                                    Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Detailed Income Attachment

**Other Payroll Deductions:**

| | | | |
|---|---|---|---|
| **401(k) loan** | $ | **195.00** | $ | **0.00** |
| **401(k) contribution** | $ | **347.00** | $ | **0.00** |
| **TSP Contribution** | $ | **0.00** | $ | **30.00** |
| **FERS Retirement** | $ | **0.00** | $ | **22.00** |
| **Total Other Payroll Deductions** | $ | **542.00** | $ | **52.00** |

B6J (Official Form 6J) (12/07)

In re **Ronald Earl Bess**
**Lynda McDowell Bess**                                              Case No.   **11-73328-FJS**
_____
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,891.00 |
| a. Are real estate taxes included? | Yes ___     No **X** | |
| b. Is property insurance included? | Yes ___     No **X** | |
| 2. Utilities:     a. Electricity and heating fuel | $ | 450.00 |
| b. Water and sewer | $ | 170.00 |
| c. Telephone | $ | 40.00 |
| d. Other  **See Detailed Expense Attachment** | $ | 231.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 150.00 |
| 4. Food | $ | 600.00 |
| 5. Clothing | $ | 250.00 |
| 6. Laundry and dry cleaning | $ | 135.00 |
| 7. Medical and dental expenses | $ | 100.00 |
| 8. Transportation (not including car payments) | $ | 750.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 125.00 |
| 10. Charitable contributions | $ | 520.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 166.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 170.00 |
| e. Other  **Real property taxes** | $ | 168.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 549.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  **See Detailed Expense Attachment** | $ | 511.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 6,976.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.    Average monthly income from Line 15 of Schedule I | $ | 7,701.00 |
| b.    Average monthly expenses from Line 18 above | $ | 6,976.00 |
| c.    Monthly net income (a. minus b.) | $ | 725.00 |

**B6J (Official Form 6J) (12/07)**

In re   **Ronald Earl Bess**
      **Lynda McDowell Bess**                              Case No.   **11-73328-FJS**

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---:|
| Cable | $ | 60.00 |
| Cellphones | $ | 116.00 |
| Lawn care | $ | 55.00 |
| **Total Other Utility Expenditures** | $ | **231.00** |

**Other Expenditures:**

| | | |
|---|---|---:|
| Contingencies | $ | 385.00 |
| Personal grooming | $ | 100.00 |
| Personal property taxes | $ | 26.00 |
| **Total Other Expenditures** | $ | **511.00** |

AAFES
Attn: FA-T/R-CA
P.O. Box 660056
Dallas, TX 75266
.

Capital One Auto Finance
3905 Dallas Pkwy
Credit Disputes
Plano, TX 75093

Department of Taxation
PO Box 1880
Richmond, VA 23218

Allied Cash Advance
5802 E. Virginia Beach Blvd
Norfolk, VA 23502

Capital One Bank USA NA
POB 30281
Salt Lake City, UT 84130

Dr. Kevin Finnerty
c/o Firstpoint Coll Resources
PO Box 26140
Greensboro, NC 27402

Applied Bank
4700 Exchange Cour
Boca Raton, FL 33431

Cash 2 Go of VA
6644 Indian River Road
Virginia Beach, VA 23464

First Bank of Delaware
c/o Midland Funding LLC
PO Box 60578
Los Angeles, CA 90060

Aspire Visa
P.O. Box 105555
Atlanta, GA 30348-5555

Certegy
PO Box 30046
Tampa, FL 33630

First Premier
3820 N Louise Ave
Sioux Falls, SD 57107

Barclays Bank Delaware
125 S West Street
Wilmington, DE 19801

Chase Card Services
P.O. Box 15298
Wilmington, DE 19850

GEMB/JCPenney
PO Box 981402
El Paso, TX 79998

Bass & Associates
3936 E. Ft. Lowell, Suite 200
Tucson, AZ 85712

Check N Go
4221 Pleasant Valley Road
Storec 104
Virginia Beach, VA 23464

Grand Furniture
836 E Little Creek Rd
Norfolk, VA 23518

Bonney Allenbeg & O'Reilly PC
f/k/a Bonney & Allenberg PC
4854 Haygood Road, Suite 200
Virginia Beach, VA 23455

Citi Bank
P.O. Box 6531
The Lakes, NV 88901

Household Credit Services
PO Box 98706
Las Vegas, NV 89193

Buonassissi, Henning & Lash
1861 Wiehle Avenue
Suite 300
Reston, VA 20190

City of Virginia Beach
Attn: Bankruptcy Records
2401 Courthouse Dr.
Virginia Beach, VA 23456

HSBC Bank
P.O. Box 5253
Carol Stream, IL 60197

CachLLC
370 17th Street
Suite 5000
Denver, CO 80202

City of Virginia Beach
2405 Courthouse Drive
Building 1
Virginia Beach, VA 23456

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Capital Auto Sales Inc
1217 A South Military Hwy
Chesapeake, VA 23320

Collect America LTD
370 17th Street Suite 5000
Denver, CO 80202

Jefferson Capital Systems, LLC
16 McLeland Road
Saint Cloud, MN 56303

Juniper Bank
P.O. Box 13337
Philadelphia, PA 19101-3337

NAE Federal Credit Union
P.O. Box 90887
3701 Indian River Road
Chesapeake, VA 23325

Servcorp of Portsmouth
3725 Kings Street
Portsmouth, VA 23707

Laboratory Corporation of Amer
P.O. Box 2240
Burlington, NC 27216

National Recovery 1, LLC
PO Box 692
Topeka, KS 66607

Simm Associates, Inc
P.O. Box 7526
Newark, DE 19714

LCA Collections
PO Box 2240
Burlington, NC 27216

Navy Federal Credit Union
3701 Indian River Road
Chesapeake, VA 23325

Specialized, Inc. of Virginia
722 East Market Street
Suite 200
Leesburg, VA 20176

LCA Laboratory Corp
c/o American Medical Coll
2269 Saw Mill Rive
Elmsford, NY 10523

NCO Financial
P.O. Box 510950
New Berlin, WI 53151

Speedy Cash
524 Independence Blvd
Virginia Beach, VA 23462

LHR INC
56 Main St
Hamburg, NY 14075

NCO Financial Systems Inc
P.O. Box 8148
Philadelphia, PA 19101

Sprint
c/o Harvard Collection Svcs
4839 N Elston Ave
Chicago, IL 60630

Litton Loan Service L.P.
4828 Loop Central Drive
Houston, TX 77081

Ophthalmic Cnslts Tidewater
c/o I.C. Systems Inc
444 Highway 96 E
Saint Paul, MN 55127

Sterling Church St Furniture
1305 Baker Road
Virginia Beach, VA 23455

Mark & Morgan Jeweler
Chesterfield Town Center
11500 Midlothian Tpke Spc 258
Richmond, VA 23235

Portfolio Recovery Assoc
Riverside Commerce Center
120 Corporate Blvd Ste 100
Norfolk, VA 23502

Sterling Church Street Furnitu
1305 Baker Road
Virginia Beach, VA 23455

Mayview Medical
c/o ACE
5151 N Harlem Ave, Suite 201
Chicago, IL 60656

Providian
P.O. Box 660548
Dallas, TX 75266-9575

The Group for Women
c/o Credit Adjustment Board
306 E Grace St.
Richmond, VA 23219

Midland Credit Management
5775 Roscoe Court
San Diego, CA 92123

Santander Consumer USA
P.O. Box 25120
Lehigh Valley, PA 18002

Tribute Mastercard
P.O. Box 790215
Saint Louis, MO 63179

MRI CT Diagnostics Chesapeake
4668 Pembroke Blvd, Ste 117
Virginia Beach, VA 23455

Sears
c/o Trident Asset Management
PO Box 888424
Alpharetta, GA 30022

Washmtl/Providian
PO Box 660509
Dallas, TX 75266

William C. Crenshaw, Esq.
P.O. Box 1687
Virginia Beach, VA 23451

# United States Bankruptcy Court
### Eastern District of Virginia

| | |
|---|---|
| In re | **Ronald Earl Bess**<br>**Lynda McDowell Bess** |

Debtor(s)

Case No.    **11-73328-FJS**

Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Buonassissi, Henning & Lash**
**1861 Wiehle Avenue**
**Suite 300**
**Reston, VA 20190**

*Name of creditor*

*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

    ☒    To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing.** |
| Date and time of confirmation hearing: | **Tuesday, December 20, 2011 at 10:30 am** |
| Place of confirmation hearing: | **Judge Santoro's Courtroom, 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia** |

**Ronald Earl Bess**
**Lynda McDowell Bess**
*Name(s) of debtor(s)*

By:    **/s/ John G. Merna**
      **John G. Merna 33812**
      *Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**John G. Merna 33812**
*Name of attorney for debtor(s)*
**3419 Virginia Beach Blvd., #236**
**Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

| | |
|---|---|
| Tel. # | **(757)340-4895** |
| Fax # | **(757)340-4894** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

&#9747; first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **November  8, 2011**    .

**/s/ John G. Merna**

**John G. Merna 33812**

*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

| | | | |
|---|---|---|---|
| In re | **Ronald Earl Bess**<br>**Lynda McDowell Bess** | Case No. | **11-73328-FJS** |
| | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Capital Auto Sales Inc**
**1217 A South Military Hwy**
**Chesapeake, VA 23320**
*Name of creditor*

**2000 Dodge Grand Caravan**
**Condition: Fair**
**Mileage: 128,000**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing.** |
| Date and time of confirmation hearing: | **Tuesday, December 20, 2011 at 10:30 am** |
| Place of confirmation hearing: | **Judge Santoro's Courtroom, 600 Granby Street, 4th**<br>**Floor, Courtroom Two, Norfolk, Virginia** |

**Ronald Earl Bess**
**Lynda McDowell Bess**
*Name(s) of debtor(s)*

By: **/s/ John G. Merna**
**John G. Merna 33812**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**John G. Merna 33812**
*Name of attorney for debtor(s)*
**3419 Virginia Beach Blvd., #236**
**Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

| | |
|---|---|
| Tel. # | **(757)340-4895** |
| Fax # | **(757)340-4894** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this ___**November  8, 2011**___ .

**/s/ John G. Merna**
**John G. Merna 33812**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

| In re | Ronald Earl Bess | Case No. | **11-73328-FJS** |
|---|---|---|---|
| | Lynda McDowell Bess | | |
| | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:  **Grand Furniture**
**836 E Little Creek Rd**
**Norfolk, VA 23518**
*Name of creditor*

**Miscellaneous household goods, furnishings and other items located at debtor's residence.**
**Value listed is based on debtor's estimate of replacement value of the property.**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒    To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing.** |
| Date and time of confirmation hearing: | **Tuesday, December 20, 2011 at 10:30 am** |
| Place of confirmation hearing: | **Judge Santoro's Courtroom, 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia** |

**Ronald Earl Bess**
**Lynda McDowell Bess**
*Name(s) of debtor(s)*

By:    **/s/ John G. Merna**
**John G. Merna 33812**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**John G. Merna 33812**
*Name of attorney for debtor(s)*
**3419 Virginia Beach Blvd., #236**
**Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

| Tel. # | **(757)340-4895** |
|---|---|
| Fax # | **(757)340-4894** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this ___**November  8, 2011**___ .

**/s/ John G. Merna**
**John G. Merna 33812**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

## United States Bankruptcy Court
### Eastern District of Virginia

In re **Ronald Earl Bess**
**Lynda McDowell Bess**

Case No.  **11-73328-FJS**

Chapter  **13**

Debtor(s)

## SPECIAL NOTICE TO SECURED CREDITOR

To:  **Litton Loan Service L.P.**
**4828 Loop Central Drive**
**Houston, TX 77081**
*Name of creditor*

**Principal place of residence located at:**
**1441 Chesterbrook Drive**
**Virginia Beach, VA 23456**

**Market value listed is the city assessed value.  Online CMA indicated a price below this amount.**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒    To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

|  |  |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing.** |
| Date and time of confirmation hearing: | **Tuesday, December 20, 2011 at 10:30 am** |
| Place of confirmation hearing: | **Judge Santoro's Courtroom, 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia** |

**Ronald Earl Bess**
**Lynda McDowell Bess**
*Name(s) of debtor(s)*

By:      **/s/ John G. Merna**
**John G. Merna 33812**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**John G. Merna 33812**
*Name of attorney for debtor(s)*
**3419 Virginia Beach Blvd., #236**
**Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

Tel. #    **(757)340-4895**
Fax #    **(757)340-4894**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **November  8, 2011**    .

**/s/ John G. Merna**
**John G. Merna 33812**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

| In re | Ronald Earl Bess<br>Lynda McDowell Bess | Case No. | **11-73328-FJS** |
|---|---|---|---|
| | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**NAE Federal Credit Union
P.O. Box 13387
3701 Indian River Road
Chesapeake, VA 23325**
*Name of creditor*

**2005 Ford Expedition
Condition: Fair**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒    To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing.** |
| Date and time of confirmation hearing: | **Tuesday, December 20, 2011 at 10:30 am** |
| Place of confirmation hearing: | **Judge Santoro's Courtroom, 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia** |

**Ronald Earl Bess
Lynda McDowell Bess**
*Name(s) of debtor(s)*

By:    **/s/ John G. Merna**
**John G. Merna 33812**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**John G. Merna 33812**
*Name of attorney for debtor(s)*
**3419 Virginia Beach Blvd., #236
Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

| Tel. # | **(757)340-4895** |
|---|---|
| Fax # | **(757)340-4894** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **November  8, 2011**    .

**/s/ John G. Merna**

**John G. Merna 33812**

*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

| | | | |
|---|---|---|---|
| In re | **Ronald Earl Bess** **Lynda McDowell Bess** | Case No. | **11-73328-FJS** |
| | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To: **Santander Consumer USA**
**P.O. Box 25120**
**Lehigh Valley, PA 18002**
*Name of creditor*

**2007 Nissan Armada**
**Condition: Fair**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒    To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing.** |
| Date and time of confirmation hearing: | **Tuesday, December 20, 2011 at 10:30 am** |
| Place of confirmation hearing: | **Judge Santoro's Courtroom, 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia** |

**Ronald Earl Bess**
**Lynda McDowell Bess**
*Name(s) of debtor(s)*

By:    **/s/ John G. Merna**
**John G. Merna 33812**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**John G. Merna 33812**
*Name of attorney for debtor(s)*
**3419 Virginia Beach Blvd., #236**
**Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

| | |
|---|---|
| Tel. # | **(757)340-4895** |
| Fax # | **(757)340-4894** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

&#9747; first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this ___**November  8, 2011**___ .


**/s/ John G. Merna**
_____
**John G. Merna 33812**
*Signature of attorney for debtor(s)*


Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

| | |
|---|---|
| In re | **Ronald Earl Bess**<br>**Lynda McDowell Bess** |

Debtor(s)

Case No.    **11-73328-FJS**

Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Specialized, Inc. of Virginia**
**722 East Market Street**
**Suite 200**
**Leesburg, VA 20176**
*Name of creditor*

*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒    To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing.** |
| Date and time of confirmation hearing: | **Tuesday, December 20, 2011 at 10:30 am** |
| Place of confirmation hearing: | **Judge Santoro's Courtroom, 600 Granby Street, 4th**<br>**Floor, Courtroom Two, Norfolk, Virginia** |

**Ronald Earl Bess**
**Lynda McDowell Bess**
*Name(s) of debtor(s)*

By:    **/s/ John G. Merna**
**John G. Merna 33812**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**John G. Merna 33812**
*Name of attorney for debtor(s)*
**3419 Virginia Beach Blvd., #236**
**Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

| | |
|---|---|
| Tel. # | **(757)340-4895** |
| Fax # | **(757)340-4894** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this      **November 8, 2011**      .


**/s/ John G. Merna**
**John G. Merna 33812**
*Signature of attorney for debtor(s)*


Ver. 09/17/09 [effective 12/01/09]

Form B203                                                                    2005 USBC, Eastern District of Virginia

# United States Bankruptcy Court
## Eastern District of Virginia

In re  **Ronald Earl Bess**
    **Lynda McDowell Bess**

_____
Debtor(s)

Case No.  **11-73328-FJS**

Chapter  **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ............................ $ _____ **3,000.00**

   Prior to the filing of this statement I have received ............... $ _____ **1,375.00**

   Balance Due ............................................................................ $ _____ **1,625.00**

2. The source of the compensation paid to me was:

   ☒ Debtor          ☐ Other *(specify)*

3. The source of compensation to be paid to me is:

   ☒ Debtor          ☐ Other *(specify)*

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Other provisions as needed:

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
   **Representation of the debtor(s) in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding. Additionally, the fee does not include charges related to the preparation, delivery and recording of a homestead deed.**

   **Disclosure of additional fees:**
   **$55 for credit reports per debtor (if requested).**

   **Chapter 7 Cases (if applicable):**
   **$125 for preparation and recording of homestead deed.**

   **Chapter 13 Cases:**
   **Merna Law Group may charge up to $300 administrative costs including but not limited to copying, mailing and service costs. A breakdown of these costs shall be provided to the Chapter 13 Trustee prior to confirmation and these costs shall be paid by the Chapter 13 Trustee from the debtor(s)'s Chapter 13 Plan payments.**

Form B203 - Continued

2005 USBC, Eastern District of Virginia

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| November  8, 2011 | /s/ John G. Merna |
|---|---|
| *Date* | **John G. Merna 33812** |
| | *Signature of Attorney* |
| | |
| | **The Merna Law Group, P.C.** |
| | *Name of Law Firm* |
| | **3419 Virginia Beach Blvd., #236** |
| | **Virginia Beach, VA 23452** |
| | **(757)340-4895  Fax: (757)340-4894** |

---

### *For use in Chapter 13 Cases where Fees Requested Not in Excess of $3,000*
### *(For all Cases Filed on or after 10/17/2005)*
## NOTICE TO DEBTOR(S) AND STANDING TRUSTEE
## PURSUANT TO INTERIM PROCEDURE 2016-1(C)(7)

Notice is hereby given that pursuant to Local Bankruptcy Rule 2016-1(C)(7)(a), you have ten (10) business days from the meeting of creditors in this case in which to file an objection with the court to the fees requested in this disclosure of compensation opposing said fees in their entirety, or in a specific amount.

### PROOF OF SERVICE

The undersigned hereby certifies that on this date the foregoing Notice was served upon the debtor(s), the standing Chapter 13 Trustee, and U. S. Trustee pursuant to Interim Procedure 2016-1(C)(7)(a) and Local Bankruptcy Rule 2002-1(D)(1)(f), by first-class mail or electronically.

| November  8, 2011 | /s/ John G. Merna |
|---|---|
| *Date* | **John G. Merna 33812** |
| | *Signature of Attorney* |

---